UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GUY MINIX and ADELE MINIX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-107 CAN |
| | ) | |
| LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON and | ) | |
| MODINE MANUFACTURING | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

This action arises out of a complaint filed by Plaintiffs on January 30, 2004, alleging that Defendants wrongfully terminated Plaintiff Guy Minix's long term disability benefits. After parties filed cross motions for judgment in November 2004, on June 16, 2005, Plaintiffs filed a motion to expand the record. For the following reasons, Plaintiffs' motion [Doc. No. 41] is **DENIED**.

**I.    RELEVANT BACKGROUND**

Plaintiff Guy Minix suffers from ulcerative colitis. For approximately six years, Minix received long term disability ("LTD") benefits under his employee benefits plan. In August 2002, Defendants determined that Minix was no longer totally disabled as defined by the plan, and thus, no longer entitled to LTD benefits. After exhausting the internal appeals process, Minix and his wife, Adele Minix, filed the present action on January 30, 2004, pursuant to Section 502 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs alleged that Defendants wrongfully terminated Minix's LTD and waiver of premium benefits and breached their fiduciary duties. On November 15, 2005,

Defendants filed a motion for judgment pursuant to Fed. R. Civ. P. 52.  On November 17, 2005, Plaintiffs filed a motion for summary judgment.

This Court conducted an in-court hearing on parties' cross-motions for judgment on April 14, 2005, to determine whether parties were filing cross-motions for summary judgment or cross-motions under Rule 52.  At the hearing, Plaintiffs informed this Court that Minix had recently undergone hernia surgery which might be related to his colitis.  Plaintiffs stated that they needed to consult with Minix's treating physician to determine whether there was a causal connection between the colitis and the hernia surgery.  Plaintiffs asserted that if the two conditions were related, the information might be useful to this Court in addressing the cross-motions for judgment.

In order to allow parties sufficient time to investigate Minix's recent surgery and the implications that might arise from the surgery, this Court gave Plaintiffs until June 17, 2005, to file a motion to expand the record, at which time this Court would address whether expanding the record was appropriate.  Defendants had until July 1, 2005, to file a response to Plaintiffs' motion.  This Court scheduled this matter for a telephonic conference on July 19, 2005, in the event that Plaintiffs filed a motion to expand the record.

On June 16, 2005, Plaintiffs filed their motion to expand the record and Defendants responded on July 1, 2005.  This Court may rule on Plaintiffs' motion to expand the record pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.    APPLICABLE LAW AND ANALYSIS**

As a general matter, in ERISA cases, courts should limit their review of the administrative record.  Casey v. Uddeholm Corp., 32 F.3d 1094, 1099 (7th Cir. 1994).  The

Seventh Circuit has stated, however, that a court may review additional evidence "only when circumstances clearly establish that additional evidence is necessary." Casey, 32 F.3d at 1099. See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 981-82 (7th Cir. 1999).

The Seventh Circuit cases addressing the issue of what additional evidence a court may review involves evidence that was not provided to the plan administrator even though it was available at the time the administrator made its decision. Only the First Circuit has addressed the issue of medical evidence that came into existence after the administrator made the decision. In Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005), the court, in addressing a case subject to *de novo* review, held:

> It would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from [the administrative] decision to a moving target by presenting extra-administrative record evidence going to the substance of the decision.... Even if the new evidence directly concerned the question of his disability before the final administrative decision, it was inadmissible. Furthermore, the final administrative decision acts as a temporal cut off point. The claimant may not come to a court and ask it to consider post-denial medical evidence in an effort to reopen the administrative decision.... The focus of the review under de novo review is still the administrator's decision and must ordinarily be based on the administrative record.

The parties do not dispute and this Court agrees that the present case is subject to *de novo* review, which allows this Court to permit parties to submit additional evidence that was not presented to the plan administrator. However, after reviewing Casey, which cautions against allowing additional evidence, this Court finds that the First Circuit's reasoning in Orndorf is persuasive and consistent with Seventh Circuit precedent.

It is undisputed that Plaintiff's proposed additional evidence pertains to a medical opinion that was formed almost three years after the plan administrator made its determination.

3

Although the new evidence may have a tendency to show the existence or severity of Plaintiff's condition when the initial decision was made, this new evidence is not necessary in order for this Court to conduct a thorough *de novo* review of the administrative record to determine whether the administrator's decision was correct.  Accordingly, Plaintiffs' motion to expand the record is denied.  This Court will analyze parties cross-motions for judgment based upon the record currently before it.

### III.   ANCILLARY MATTERS

This matter is currently scheduled for a telephonic conference on July 19, 2005, at 9:30 a.m. to address Plaintiffs' motion to expand.  However, because this Court is able to adequately address Plaintiffs' motion based upon the parties' submissions and the relevant law, this Court now **VACATES** the telephonic conference set for July 19, 2005.

### IV.   CONCLUSION

For the aforementioned reasons, this Court **DENIES** Plaintiffs' motion to expand the record [Doc. No. 41] and **VACATES** the telephonic conference currently scheduled for July 19, 2005, at 9:30 a.m.

**SO ORDERED.**

Dated this 13th Day of July, 2005.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge

4