UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GUY MINIX, )  )  Plaintiff, )  )  v. )  )  LIBERTY LIFE ASSURANCE )  COMPANY OF BOSTON, )  )  Defendant. ) | CAUSE NO. 3:04-CV-107 CAN |

**ORDER AND OPINION**

On July 22, 2005, this Court entered its findings of fact and conclusions of law on parties' cross motions for judgment, finding that Defendant had wrongfully terminated Plaintiff's long term disability benefits. On August 19, 2005, Defendant filed its notice of appeal, and on August 22, 2005, Plaintiff filed a motion for clarification. Although this Court held that Plaintiff's benefits should be reinstated and that Defendant should pay the prejudgment interest on the amount of the unpaid benefits, in his motion, Plaintiff requests that this Court clarify his damages by adding that this Court order Defendant to pay the damages in the amount of the long term disability benefits that were denied from August 20, 2002, to the date of the judgment, July 22, 2005.

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). While a district court may act on certain matters after the filing of a notice of appeal, a district court may not address those issues involved in the appeal. See Fed. R. Civ. P. 60(a) (addressing correction of

clerical errors in judgments or orders); <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. at 58; <u>May v. Sheahan</u>, 226 F.3d 876, 879 (7th Cir. 2000); <u>Kusay v. United States</u>, 62 F.3d at 194 ("district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause"); <u>Patzer v. Board of Regents of Univ. of Wisc. Sys.</u>, 763 F.2d 851, 859 (7th Cir. 1985) (notice of appeals does not affect court's power to act on petition for attorney fees).

Plaintiff's motion does not request the correction of a clerical error, nor is this merely an ancillary matter. Rather, Plaintiff is requesting a clarification of an issue that is now on appeal. Therefore, this Court lacks jurisdiction and cannot address Plaintiff's motion at this time. Consequently, Plaintiff's motion [Doc. No. 52] is **DENIED**.

**SO ORDERED.**

Dated this 23rd Day of August, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge