UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GUY MINIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:04-CV-107 CAN |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| COMPANY OF BOSTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

On July 22, 2005, this Court entered judgment in favor of Plaintiff Guy Minix and against Defendant Liberty Life Assurance Company of Boston. This Court specifically ordered that: 1) Plaintiff's Long Term Disability ("LTD") benefits be reinstated; 2) Plaintiff's Waiver of Premium benefits be reinstated; 3) Plaintiff was entitled to attorney's fees and costs; and 4) Plaintiff was entitled to receive pre-judgment interest on the amount of unpaid benefits at a rate of 3.59% for the time period between August 20, 2002 and the date of the order.

On August 18, 2005, Plaintiff filed an itemized statement of his attorney's fees and costs and on September 2, 2005, Defendant filed its objection to Plaintiff's fees and costs. On September 28, 2005, Plaintiff filed a motion to determine the amount of damages. In his motion, Plaintiff requests payment for his lost LTD benefits, prejudgment interest on the amount of unpaid LTD benefits, attorneys fees and costs, and reimbursement for various medical expenses that were not covered because Plaintiff's health insurance was terminated. For the following reasons, Plaintiff's motion [Doc. No. 63] is **GRANTED IN PART** and **DENIED IN PART**.

I.  **PAYMENT FOR LTD BENEFITS AND PREJUDGMENT INTEREST**

Plaintiff contends that the amount due for the wrongfully terminated LTD benefits for the time period of August 19, 2002 through August 19, 2005, is $45,891.00. Defendant does not dispute that this is the correct amount due for the thirty-six month period. As a result, Plaintiff's request for $45,891.00 for the lost LTD benefits is granted.

In addition, consistent with this Court's July 22, 2005 order, Plaintiff requests that prejudgment interest in the amount of 3.59% compounded annually be awarded on the amount of unpaid LTD benefits. Defendant initially stated that prejudgment interest must be premised upon 28 U.S.C. § 1961 and that it was unsure if the interest rate was proper. This Court gave parties until October 14, 2005 to supplement the record. However, Defendant has not provided any documentation that the 3.59% interest rate is incorrect. In its July 22, 2005 order, and in accordance with 28 U.S.C. § 1961, this Court used the post-judgment interest rate for the week ending July 15, 2004, which was 3.59%. Consequently, because it does not appear that Defendant objects to the 3.59% interest rate, Plaintiff's request for $3,241.20 in prejudgment interest on the amount of unpaid LTD benefits is granted.

## II.   ATTORNEY'S FEES AND COSTS

### A.   Defendant's Preliminary Objections

Plaintiff requests $28,842.77 for attorney's fees and costs incurred in this action. Defendant objects stating that an award of attorney's fees is not supported by the evidence because Defendant's position was substantially justified. However, this Court has already addressed Defendant's argument in its July 22, 2005 order, and has determined that attorney's fees are appropriate in this case.

Defendant also asserts that Adele Minix was not a prevailing party and that any fees that relate to her representation are not recoverable. Defendant further states that it is impossible to discern from Plaintiff's submissions the extent to which a claim for fees has been made on her behalf. After careful review of Plaintiff's itemized fee statements, this Court concludes that the hours submitted were for work done in pursuing Guy Minix's claim for the wrongful termination of his LTD benefits.

**B.     Fees and Costs for Work Completed before August 4, 2003**

Unlike the "English rule" which usually allows an award of attorney's fees to the prevailing party in any action, the "American rule" does not. Rather, each party bears their legal fees unless there is a specific statutory provision which allows the award of attorney's fees to the prevailing party. In this case, there is such a statutory provision. The issue, however, is whether that statutory provision allows only for an award for legal work performed in preparation for and during the present litigation or whether the statute would also allow an award for legal work performed in the administrative review phase of the case. The statute is unclear. 29 U.S.C. § 1132(g)(1) states that "in any action under this subchapter... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Plaintiff's counsel asserts that this permits an award for the work performed in presenting the issues in the administrative review and are properly considered preparation for the bringing of the lawsuit. Defendant argues that it is improper to award any fees for work done before August 4, 2003, because that work was done in connection with the administrative review of Plaintiff's claim and did not specifically relate to this action. Neither Plaintiff nor Defendant

3

cite any case law for their respective positions and this Court notes that the case law on this issue is particularly scarce.

The statute allows an award for attorney's fees "...in any action under this subchapter..." Without further definition or elaboration it is a reasonable interpretation of that phrase that an award of attorney's fees is authorized for the legal work performed in this lawsuit and not for the administrative process that preceded it.  Absent clear statutory authority, the presumptions of the "American rule" apply; that is each party shall bear their legal costs for the administrative review process.

Additionally, this Court finds the reasoning in the few cases found persuasive.  In Franklin v. H.O. Wolding, Inc., Group Health & Welfare Plan, 2004 U.S. Dist. LEXIS 26592 *32 (S. D. Ind. 2004), the court stated a "plaintiff is not entitled to a fee award for attorney work directed primarily at the administrative review process, as distinct from the litigation."  See also Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 987-88 (9th Cir. 2001); Cann v. Carpenters' Pension Trust Fund, 989 F.2d 313, 316 (9th Cir. 1993).  In Cann, the Ninth Circuit addressed the interpretation of the ERISA fee provision by comparing the statute to the fee provision found in Title VII.  In 42 U.S.C. § 2000e-5(k), the statute allowing for fees in a Title VII case, the statute specifically states "in any action or proceeding..."  Thus, the court determined that the Title VII statute specifically allowed for fees incurred in an administrative proceeding because the statute used the terms "action or proceeding."  Cann, 989 F.2d at 316.  However, unlike the Title VII statute, the ERISA statute only states "in any action..." which suggests that Congress did not intend for Plaintiffs to recover fees incurred in an administrative

4

review proceeding.  Id.  As illustrated, the available case law does support this Court's reasoning for a narrow reading of the ERISA fee provision.

While Plaintiff is entitled to recover fees incurred before the action was filed if they directly relate to the civil action, this Court now concludes that he is not entitled to fees that were incurred as part of the administrative review process.  After careful review of Plaintiff's fee petition, this Court concludes that the expenses incurred before August 4, 2003 were incurred not in preparation for the civil action, but primarily for the administrative review proceedings, and are not recoverable.  Therefore, the following total hours and expenses will be deducted from Plaintiff's requested fee amount.

> 22.7 hours by MAL at a rate of $175.00 a hour for a total of $3,972.50
>
> 11.6 hours by LM at a rate of $65.00 a hour for a total of $754.00.
>
> $120.75 in expenses incurred on December 2, 2002 and December 4, 2002
>
> Total amount deducted is $4,847.25

### C.    Plaintiff's Remaining Fees and Costs

After deducting the $4,847.25, for fees and costs that are not recoverable because they were incurred before August 4, 2003, Plaintiff's remaining fees and costs total $23,995.52.  In evaluating the Plaintiff's request for fees, this Court must calculate the lodestar, the product of an attorney's reasonable hourly rate and the number of hours reasonably expended, to determine if Plaintiff's fees are reasonable.  Stark v. PPM Am., Inc., 354 F.3d 666, 674 (7th Cir. 2004).  Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id.  After carefully reviewing Plaintiff's requests for fees and costs, this Court is convinced that due to the skill of Plaintiff's counsel and the complex nature of this case, the

hourly rate and the number of hours expended are reasonable and consistent with the community standards. Furthermore, with the exception of those issues previously addressed, Defendant does not appear to challenge the reasonableness of counsel's rate or the number of hours expended. Therefore, Plaintiff's request for $23,995.52 in attorney's fees and costs incurred in this action is granted.

### III.     REIMBURSEMENT FOR VARIOUS MEDICAL EXPENSES

In his motion to determine the amount of damages, Plaintiff requests $10,172.81 for reimbursement for various medical expenses because Plaintiff's health insurance was wrongfully terminated. Defendant objects stating that none of these items are recoverable because Plaintiff never asserted a claim for the wrongful termination of his health insurance or health insurance related losses. This Court agrees. After reviewing Plaintiff's complaint and Plaintiff's motion for judgment, nowhere does Plaintiff mention that his health insurance was wrongfully terminated. Plaintiff only makes a passing reference to these expenses as consequential damages in his motion for damages. Plaintiff's claims have routinely been that his LTD benefits of Waiver of Premium benefit were wrongfully terminated. This Court has also reviewed the LTD benefits policy and nowhere does the policy mention health insurance as a part of the LTD benefits. Consequently, because Plaintiff only now raises the issue of wrongful termination of health insurance, more than a year after the complaint was filed, his request for $10,172.81 in reimbursement is denied.

### IV.     CONCLUSION

For the aforementioned reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to determine damages [Doc. No. 63]. Specifically, this Court awards the following damages:

| | |
|---|---|
| Payment for lost LTD benefits | $45,891.00 |
| Prejudgment Interest | $ 3,241.20 |
| Attorney's Fees and Costs | $23,995.52 |
| Total | $73,127.72 |

Judgment shall be entered in favor of Plaintiff Guy Minix and against Defendant Liberty Life Assurance Company of Boston in the amount of $73,127.72.

**SO ORDERED.**

Dated this 15th Day of November, 2005.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge